**No. 48868.**—Protest 79975–K of W. A. Gleeson (St. Albans).

LAWRENCE, Judge: The merchandise in controversy consists of so-called rail anchors upon which duty was levied at the rate of 45 percent ad valorem under paragraph 397, Tariff Act of 1930, as articles, not specially provided for, composed wholly or in chief value of iron or steel. The protest alleges that—

said merchandise is properly dutiable at the rate of $\frac{1}{10}$ of one cent per pound under paragraph 322 by similitude to rail braces and splice bars, and tie plates.

Said paragraph 322 reads:

Railway fishplates or splice bars, and tie plates, made of iron or steel, one-fourth of 1 cent per pound; rail braces, and all other railway bars made of iron or steel, and railway bars made in part of steel, T rails, and punched iron or steel flat rails, one-tenth of 1 cent per pound.

It will be seen that rail braces are rated for duty at one-tenth of 1 cent per pound and splice bars and tie plates at one-fourth of 1 cent per pound. However, a motion was granted whereby the following amendatory language was added to the protest:

That the merchandise involved is dutiable by similitude to splice bars and/or tie plates under paragraph 322 Tariff Act of 1930 pursuant to paragraph 1559.

At the hearing, counsel for plaintiff made this preliminary statement:

Your Honor, in this protest I desire to establish the fact that the rail anchors in question serve practically the same purpose as splice bars, and therefore that they should come under the same paragraph as splice bars, instead of as a manufacture of iron or steel at 45 percent.

. It is clear from an examination of the record that no serious contention is made by plaintiff that the imported articles are described by the terms of paragraph 322, *supra*, or that they are dutiable directly thereunder. On the contrary, the evidence introduced by plaintiff was designed to show, if possible, that the imported rail anchors were so like splice bars in use as to be legally dutiable at the rate applicable to splice bars under said paragraph 322, by virtue of the so-called similitude clause in paragraph 1559 of said act. That provision is couched in the following language:

That each and every imported article, *not enumerated in this Act*, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *. [Italics supplied.]

Obviously, before recourse may be had to the similitude clause, *supra*, it must appear that the imported article is "not enumerated in this Act." The provision in paragraph 397, *supra*, adopted by the collector in classifying the imported articles is an enumeration within the intendment of the statute. *United States* v. *Cochran & Co.*, 3 Ct. Cust. Appls. 57, T. D. 32349, and cases cited therein.

It follows, therefore, that inasmuch as the importation consists of articles enumerated in the tariff act, there is no occasion to resort to the similitude clause. *Corporacion Argentina de Productores de Carnes* v. *United States*, 29 C. C. P. A. (Customs) 288, C. A. D. 204, and cases cited therein. Consequently, it is unnecessary to analyze the evidence to determine whether or not these rail anchors bear the statutory similitude to splice bars. In the circumstances of this case that question is not properly before this court for determination.

For the reasons above expressed the protest is without merit and is therefore overruled in all respects, and the decision of the collector of customs is affirmed.

Judgment will be entered accordingly.